IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NEILS J. DOWUONA-HAMMOND,           )
                                    )
                 Plaintiff,          )
                                    )
vs.                                 )   Case No. CIV-10-965-C
                                    )
                                    )
INTEGRIS HEALTH, a trade name for   )
INTEGRIS HEALTH, INC.,              )
                                    )
                 Defendant.          )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Neils J. Dowuona-Hammond filed suit against Defendant Integris Health ("Integris") claiming national origin, age, gender, and racial discrimination, negligent supervising, blacklisting, and workers' compensation retaliation. Defendant Integris filed the present motion seeking dismissal of Plaintiff's national origin discrimination claim under 42 U.S.C. § 1981, Plaintiff's blacklisting claim under state statute, and Plaintiff's claim of negligent training, supervising, and retaining. Defendant asserts these claims must be dismissed under Rule 12(b)(6) for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Rule 8(a) does not require detailed factual allegations, but it does require more than

"an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949. A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions—"a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555.

When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008); Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). A court is not bound to accept as true a plaintiff's legal assertions. Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949-50.

*A. National Origin Claim*

Defendant first argues that the Tenth Circuit has never recognized the viability of relying on § 1981 to bring a claim of national origin discrimination and therefore the claim should be dismissed. Plaintiff argues that the Supreme Court recognized the availability of the claim in Saint Francis College v. Al-Khazraji, 481 U.S. 604 (1987). However, after review of the applicable law, the Court finds both parties are in error. First, contrary to Plaintiff's argument, Saint Francis did not hold that § 1981 applied to national origin claims. Rather, the Supreme Court held that the definition of race as used in § 1981 was broad

enough to include those persons who were born with different ancestry or ethnic characteristics. Id. at 613. The Tenth Circuit recognized this distinction in Aramburu v. Boeing Co., 112 F.3d 1398 (10th Cir. 1997). There the circuit recognized the plaintiff's § 1981 claim arose from his Mexican-American ancestry rather than his national origin. Id. at 1411, n. 10. After review of the Complaint, the Court finds that Plaintiff's § 1981 claims are premised on alleged discrimination based on characteristics of his ancestry or ethnic group. Accordingly, his § 1981 claim is valid.

Defendant next challenges the sufficiency of the facts pled by Plaintiff, questioning whether these facts raise his claim of national origin discrimination beyond the speculative level. After reading Plaintiff's Complaint, the Court finds the allegations sufficiently supported. Plaintiff first sets out the acts which he claims were discriminatory and then asserts that the discrimination was due to his race and/or national origin. Nothing more is required. Defendant's challenge to Plaintiff's § 1981 claim will fail.

B. *Blacklisting Claim*

Plaintiff asserts that following his termination from employment with Defendant, he has been unable to secure other employment. Plaintiff argues that the employment prospects look good and then he is not hired, yet the applied-for positions remain open. Plaintiff asserts his belief that because he has listed his employment with Defendant on his applications, the inability to find employment must be due to Defendant's actions.

Defendant argues that Plaintiff must show more to make a claim for blacklisting under Oklahoma law. According to Defendant, Plaintiff's claim should fail because it does not

include allegations regarding the existence of the blacklist, when the allegedly derogatory statements were made, or to whom those statements were made.

Defendant's argument suffers from the same malady as many 12(b)(6) motions since Twombly. Under Defendant's view, Plaintiff must plead specific facts and offer great detail before the Complaint is sufficient. Of course, this heightened pleading was specifically rejected by the Supreme Court. Twombly, 550 U.S. at 569, n. 14. Rather, as the Tenth Circuit has held, the requirement of plausibility was intended "to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008). The degree of specificity required, of course, varies with the context and the type of case. Id. It must also necessarily depend on the availability of the information available to Plaintiff. Here, much of the information Defendant argues is missing is solely within the control of Defendant. Nothing in current pleading law allows a defendant to obtain dismissal of an action based on the failure to plead unavailable facts. Defendant's challenge to the blacklisting claim will be denied.

*C. Negligent Supervising, Training, and Retaining Claim*

In his Complaint, Plaintiff argues that the failure to supervise, train, or dismiss the person who allegedly acted in a discriminatory manner towards him gives rise to a negligence claim against his former employer. Defendant argues the claim must fail as Oklahoma only recognizes this type of negligence claim where an intentional tort which would give rise to an independent claim against the wrongdoer has occurred.

While the Court does not agree that the negligence claim exists only when preceded by an intentional tort, the Court finds that Oklahoma would not recognize the claim in this context. Under Oklahoma law:

> Employers may be held liable for negligence in hiring, supervising or retaining an employee. In such instances, recovery is sought for the employer's negligence. The claim is based on an employee's harm to a third party through employment. An employer is found liable, if–at the critical time of the tortious incident–, the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought. In Oklahoma, the theory of recovery is available if vicarious liability is not established.

N.H. v. Presbyterian Church (U.S.A.), 1999 OK 88, ¶ 20, 998 P.2d 592, 600 (footnotes omitted). Under the facts of this case, the critical element is the last sentence. Here, if Defendant is liable to Plaintiff under this theory, it will be because one or more of Defendant's employees discriminated against Plaintiff. If Plaintiff proves that, he will be entitled to recover under his Burk claim for the vicarious liability of Defendant for the supervisor's wrongful act. Because there is vicarious liability there can be no negligent hiring, retention, or supervision claim. Id.; see also Jordan v. Cates, 1997 OK 9, ¶ 15, 935 P.2d 289, 293. Defendant's motion will be granted on this issue.

CONCLUSION

As set forth more fully herein, Defendant Integris Health, Inc.'s Partial Motion to Dismiss (Dkt. No. 13) is GRANTED in part and DENIED in part. Plaintiff's claim for negligent hiring, retention, and supervision fails as a matter of law. Accordingly, the claim is dismissed with prejudice. In all other respects, Defendant's motion is DENIED.

IT IS SO ORDERED this 14th day of January, 2011.

ROBIN J. CAUTHRON
United States District Judge